# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP, | Case No. 1:13-cv-00996-AWI-DLB PC |
| Plaintiff, | **FIRST SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| v. | |
| JEFFERY BEARD, et al., | (ECF No. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Eric C.R. K'napp ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 28, 2013, which is presently before the Court for screening. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred. Plaintiff names Jeffery Beard, M. Cate, D. Foston, N. Grannis, J.D. Lozano, A. Altamirano, J. Bales, R. Briggs, T. Emigh, and C. Hammond as defendants in this action.

Plaintiff alleges the following. Between July 31, 2008 and the date of the complaint, Defendants repeatedly caused and allowed Plaintiff's incoming mail to not be delivered to him within the mandatory time limits set under California law. Defendants failed to provide Plaintiff with notice or an opportunity to appeal on behalf of himself or the people who sent him the mail as required by California law. Defendants caused Plaintiff to receive mail from CDCR headquarters that appeared to have "boogers" from inside the nose wiped on it. Defendants repeatedly caused and allowed Plaintiff's mail to be unlawfully opened and inspected outside of Plaintiff's presence prior to Plaintiff signing for his receipt of mail. Defendants repeatedly caused Plaintiff to miss important court deadlines as a result of not receiving his mail.

Plaintiff filed numerous administrative grievances related to his mail. The defendants who responded to his grievances had a duty to not allow other persons to violate Plaintiff's rights. Defendants had the power and authority to act on behalf of Plaintiff to correct and prevent future mail-related violations.

Plaintiff requests injunctive relief and compensatory and punitive damages.

## III. Analysis

### A. First Amendment—Mail Interference

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is

reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." *Turner*, 482 U.S. at 89-90. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

Plaintiff fails to state a claim for interference with his mail. Plaintiff names ten defendants in this action. However, Plaintiff fails to make any specific allegations against defendants. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff makes no allegations as to how any individual defendant deprived him of his rights. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Accordingly, Plaintiff fails to state a claim for interference with his mail.

   B.   First Amendment—Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Prison officials may not actively interfere with an inmate's right to litigate. *Silva,* 658 F.3d at 1101-02. However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct.

1823 (2012); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis,* 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

Here, Plaintiff fails to state a claim for a denial of access to the courts. As stated above, Plaintiff fails to make any allegations as to how any individual defendant's actions deprived him of his rights. *Long,* 442 F.3d at 1185. Moreover, Plaintiff fails to allege that he suffered any actual injury from not receiving his mail. Accordingly, Plaintiff fails to state a First Amendment claim for access to the courts.

## IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

///

4

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 23, 2014**                              /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE