# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. R. K'NAPP,<br><br>   Plaintiff,<br><br>   v.<br><br>JEFFREY BEARD, et al.,<br><br>   Defendants. | Case No. 1:13-cv-00996 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>[ECF No. 13]<br><br>ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE IN FULL WITHIN THIRTY DAYS |

Plaintiff Eric C. R. K'napp, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 28, 2015, the Magistrate Judge issued Findings and Recommendations that recommended Plaintiff's in forma pauperis status be revoked and Plaintiff be ordered to pay the filing fee in full. The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen (14) days. On June 11, 2015, Plaintiff filed objections to the Findings and Recommendation.

In his objections, Plaintiff contends *inter alia* that the Court should reject the F&R based on the law of the case doctrine. Plaintiff argues that this Court has already determined that the three cases cited cannot be considered as strikes, and therefore the Court should follow that determination as the law of the case.

1   Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983). The law of the case doctrine "does not apply to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction." Robins v. Spokeo, Inc., 742 F.3d 409, 411 (9th Cir. 2014); United States v. Smith, 389 F.3d 944, 949-50 (9th Cir. 2004). Where the law of the case doctrine does apply, a "court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

In this case, the Court ruled that the cases cited as strikes under 28 U.S.C. § 1915(g) could not be considered strikes because none of the cases specifically stated that they were dismissed as frivolous, malicious, or for failure to state a claim. Thereafter, in *Knapp v. Hogan*, 738 F.3d 1106 (9th Cir. 2013), the Ninth Circuit held that these three cases were indeed strikes under § 1915(g). In addition, the Ninth Circuit determined that Plaintiff was subject to § 1915(g) after having accrued five strikes. Id. In light of the Ninth Circuit's ruling in *Hogan*, the law of the case doctrine does not bar this Court from reconsidering and revoking Plaintiff's in forma pauperis status. Under *Robins* and *Smith*, this Court has not lost jurisdiction over the case and is free to apply *Hogan* at this time. See Robins, 742 F.3d at 411; Smith, 389 F.3d at 949-50. To the extent law of the case does apply, the first and second *Alexander* considerations provide the bases for the Court to depart from the law of the case doctrine.[1] Alexander, 106 F.3d at 876.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

---

[1] The Ninth Circuit has recognized that its case law "leaves some doubt concerning whether the law of the case doctrine constrains a district court's discretion to reconsider it owns rulings prior to final judgment." Mark H. v. Lemahieu, 513 F.3d 922, 932 n.8 (9th Cir. 2009) (citing *Alexander* and *Smith*).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 28, 2015, are ADOPTED in full;
2. Plaintiff's in forma pauperis status is REVOKED; and
3. Plaintiff is ORDERED to pay the filing fee in full within thirty (30) days, or suffer dismissal of the case.

IT IS SO ORDERED.

Dated:  June 16, 2015

SENIOR DISTRICT JUDGE